UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY M. R.,<br><br>          Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | CASE NO. 3:23-CV-5080-DWC<br><br>ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider the opinions of Drs. Kimberly Wheeler, Ph.D., Peter Weiss, Ph.D., Terilee Wingate, Ph.D., Reginald Adkisson, Ph.D, and Howard Shapiro, M.D. Had the ALJ properly considered these doctors' opinions, the ALJ may have found Plaintiff's impairments

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

met or equaled a Listing or that the residual functional capacity ("RFC") assessment may have included additional limitations. The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

I. **Factual and Procedural History**

Plaintiff applied for benefits in 2013 and alleges disability as of February 1, 2012. Dkt. 11, Administrative Record ("AR") 236. In a 2016 ALJ decision, Plaintiff was found disabled from the alleged onset date through May 1, 2014, with medical improvement thereafter. *Id*. at 236-50. The Appeals Council remanded the ALJ's decision for reconsideration of the period beginning May 2, 2014. *Id*. at 277-80. On remand, after conducting hearings in February 2016 and November 2018, the ALJ issued a decision in January 2019 finding Plaintiff not disabled from May 2, 2014, through the date of the decision. *Id*. at 92-149, 151-77, 56-66. Plaintiff appealed to the United States District Court for the Western District of Washington ("District Court"), which remanded the case for further proceedings. *See id*. at 1169-84; *Mary R. v. Comm'r of Soc. Sec.*, 3:20-CV-5385-SKV (W.D. Wash. May 19, 2021).

On remand, Plaintiff received another hearing, and, in a decision dated October 3, 2022, Plaintiff was found to be disabled from May 2, 2014 through April 4, 2021. AR 1076-82, 1103-37. The ALJ found Plaintiff experienced medical improvement and was no longer disabled as of April 5, 2021. AR 1083-92. Plaintiff did not file written exceptions with the Appeals Council, making the October 2022 decision the final decision of the Commissioner. *See* AR 1073. Plaintiff now appeals the ALJ's October 2022 decision.[2]

---

[2] When stating "the ALJ's decision" throughout this Order, the Court is referring to the October 2022 decision.

Plaintiff challenges the ALJ's decision finding her not disabled from April 5, 2021 through the date of the ALJ decision. Dkt. 13. Plaintiff does not appeal the ALJ's decision finding her disabled from May 2, 2014 through April 4, 2021. *Id*. Plaintiff maintains the ALJ erred by failing to properly consider: (1) the medical opinion evidence; (2) Plaintiff's subjective symptom testimony; (3) whether Plaintiff's impairments continued to meet or equal a Listing; and (4) Plaintiff's RFC from the time period beginning April 5, 2021. Dkt. 13 at 2. Plaintiff requests the Court remand this case for the award of benefits. *Id*.

## II.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III.  Discussion

### A.  *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in his consideration of the opinions of Drs. Kimberly Wheeler, Ph.D., Peter Weiss, Ph.D., Terilee Wingate, Ph.D., Reginald Adkisson, Ph.D, and Howard Shapiro, M.D. Dkt. 13.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).[3] When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

    1. Dr. Wheeler

Plaintiff first asserts the ALJ erred when he gave only partial weight to Dr. Wheeler's opinions. Dkt. 13 at 4-5. Dr. Wheeler completed two Psychological/Psychiatric Evaluations of Plaintiff. *See* AR 749-53 (2015), 1420-24 (2018). In 2015, Dr. Wheeler found Plaintiff had depression and personality disorder. AR 751-51. She opined that Plaintiff was markedly limited in her ability to set realistic goals and plan independently. AT 751. Dr. Wheeler also found Plaintiff was moderately limited in her ability to learn new tasks, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal work day or work week without interruptions from psychologically based symptoms. AR 751. Dr. Wheeler determined the current impairments would last four months. AR 752.

---

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed her claim prior to March of 2017, the new regulations do not apply to this case.

In 2018, Dr. Wheeler found Plaintiff had borderline personality disorder, generalized anxiety, and relationship distress with partner. AR 1421. During this evaluation, Dr. Wheeler opined that Plaintiff was markedly limited in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1422. She also found Plaintiff moderately limited in her ability to perform routine tasks without special supervision, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently. AR 1422. Dr. Wheeler found the impairments would last nine months with available treatment. AR 1422.

The ALJ gave partial weight to Dr. Wheeler's opinions and stated:

> [T]o the extent that Dr. Wheeler suggests abilities more restricted than found in this decision, they are not consistent with such evidence, including reports showing conservative treatment with medication and therapy, the claimant's lack of recent treatment with her impairments still being considered stable and controlled, and the claimant reporting she was doing well. Inconsistencies as described in this decision, such as the amount of sleep she gets and her alleged fear of dogs, further undermine the persuasiveness of her self-reports and allegations.

AR 1089 (internal citations omitted).

First, the ALJ discounted Dr. Wheeler's opinions because they were not consistent with evidence suggesting Plaintiff was not as restricted as opined. AR 1089. An ALJ need not accept the opinion of a physician if the opinion is inadequately supported "by the record as a whole" or his clinical findings. *See Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding inconsistencies between a medical opinion and the medical records was sufficient to discount the doctor's opinion). However, the ALJ must do more than offer his conclusions. *Embrey*, 849 F.2d at 421. Rather, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Id*. at 422.

The ALJ cited to a few medical records that showed Plaintiff reported doing well with the assistance of an emotional support dog and was stable on her medications. *See* AR 1089 (citing AR 1610, 1635). However, the ALJ has not adequately explained why those select few record citations are inconsistent with Dr. Wheeler's opinions. As the ALJ has not adequately explained why the records are inconsistent with Dr. Wheeler's opinions beyond a conclusory list, the Court finds this is not specific and legitimate reason for giving partial weight to Dr. Wheeler's opinions. *See Embrey*, 849 F.2d at 421 (an ALJ cannot merely state facts the ALJ claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects").

Second, the ALJ appears to discount Dr. Wheeler's opinions because Plaintiff's self-reports are not persuasive. AR 1089. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Here, the ALJ failed to explain how Dr. Wheeler's opinions were based on Plaintiff's subjective reports. *See* AR 1089; *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to

provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Further, the record does not show Dr. Wheeler relied more heavily on Plaintiff's self-reported symptoms than other information and objective evidence. *See* AR 749-53, 1420-24. Rather, in reaching her opinion, Dr. Wheeler observed Plaintiff and conducted a clinical interview and a mental status examination (MSE). *See* AR 749-53, 1420-24. Dr. Wheeler did not discredit Plaintiff's subjective reports and supported her ultimate opinion with objective testing, personal observations, and a clinical interview. As the ALJ's finding is conclusory and as Dr. Wheeler's opinions were not more heavily based on Plaintiff's self-reports, the ALJ's second reason for discounting Dr. Wheeler's opinions is not specific and legitimate and supported by substantial evidence.

Defendant contends the ALJ discounted Dr. Wheeler's opinions because the opinions pre-dated the relevant period. Dkt. 19 at 10. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). While the ALJ mentioned that the evaluations were completed three or more years prior to April 5, 2021 – the date the ALJ found Plaintiff was no longer disabled – the ALJ did not state he was giving less weight to Dr. Wheeler's opinions because they were not relevant to the period at issue. *See* AR 1089. Therefore, the Court is not persuaded by Defendant's argument.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 7

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning partial weight to Dr. Wheeler's opinions. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout,* 454 F.3d at 1055; *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Wheeler's opinions, the ALJ would have included additional limitations in the RFC. For example, Dr. Wheeler found Plaintiff markedly limited in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. The ALJ did not find Plaintiff was limited in her ability to complete a normal work day and did not account for any absenteeism. *See* AR 1085. Therefore, if Dr. Wheeler's opinions were given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

### 2. Dr. Weiss

Dr. Weiss completed a Psychological/Psychiatric Evaluation of Plaintiff on July 13, 2016. AR 854-58. Dr. Weiss determined Plaintiff suffers from major depressive disorder. AR 855. He opined that Plaintiff is markedly limited in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 856. He determined Plaintiff is moderately limited in her ability to: understand, remember, and persist in tasks by following detailed instructions; learn new tasks; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work seeking; and set realistic goals and plan independently. AR 856.

The ALJ gave partial weight to Dr. Weiss's opinion. AR 1089. The ALJ stated, in relevant part,

> To the extent his opinion suggests abilities more restricted than found in this decision though (sic) is not persuasive for the same reasons considered above in evaluating Dr. Wheeler's opinion. He does not provide a specific basis for the marked limitations, and while his own examination report at the time notes depressed mood, dysthymic affect, and difficulty calculating serial numbers, her mental status examination was otherwise generally normal and not supportive of such marked limitations.

AR 1089.

First, the ALJ discounted Dr. Weiss's opinion "for the same reasons" he discounted Dr. Wheeler's opinions. AR 1089. As stated above, the ALJ's reasons for discounting Dr. Wheeler's opinions are not specific and legitimate and supported by substantial evidence. Therefore, these reasons are also not sufficient for discounting Dr. Weiss's opinion.

Second, the ALJ is appears to discount Dr. Weiss's opinion because it was not supported by Dr. Weiss's examination. AR 1089. In reaching his opinion, Dr. Weiss reviewed records, observed Plaintiff, and conducted a clinical interview and an MSE. AR 854-58. Dr. Weiss

concluded Plaintiff was not within normal limits in her ability to concentrate. AR 858. He also found Plaintiff was depressed and had dysthymic affect. While the ALJ noted these findings, the ALJ failed to explain why these clinical findings and objective evidence were insufficient to support Dr. Weiss's opinion. *See* AR 1089. The ALJ also failed to provide an adequate explanation for why he disregarded Dr. Weiss's interpretation of the clinical findings and his subjective judgments. *See e.g., Lester*, 81 F.3d at 832-33 (the "Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments"). Therefore, the Court finds this is not a specific and legitimate reasons supported by substantial evidence for giving partial weight to Dr. Weiss's opinion.

In sum, the Court concludes the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Weiss's opinion. Accordingly, the ALJ erred.[4] Had the ALJ given great weight to Dr. Weiss's opinion, the ALJ may have included additional limitations in the RFC, such as limitations related to Plaintiff's ability to complete a normal work day and work week without interruptions based on her symptoms. Therefore, the ALJ's error is not harmless.

### 3. Drs. Wingate and Adkisson

Plaintiff next alleges the ALJ erred when he failed to fully account for all of the limitations opined to by Drs. Wingate and Adkisson despite giving their opinions great weight. Dkt. 13 at 6-7.

---

[4] Defendant asserts the ALJ also discredited Dr. Weiss's opinion because Dr. Weiss's opinion predated April 5, 2021. Dkt. 19. The ALJ did not state he was giving little weight to Dr. Weiss's opinion because it was rendered more than five years prior to April 5, 2021. *See* AR 1089. Therefore, the Court cannot rely on this reason to affirm the ALJ's decision and offers no opinion on whether such reason would be sufficient to discredit Dr. Weiss's opinion.

1       The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

Dr. Wingate completed a Psychological/Psychiatric Evaluation of Plaintiff on June 8, 2020. AR 1517-21. She found Plaintiff was moderately impaired in the areas of understanding, remembering and persisting in tasks by following detailed instructions; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; learning new tasks; asking simple questions or requesting assistance; communicating and performing effectively in a work setting; and completing a normal work day and work week without interruptions from psychologically based symptoms. AR 1519. Dr. Wingate opined that Plaintiff's overall severity rating was "moderate." *Id.*

Dr. Adkisson completed a Mental Evaluation of Plaintiff on February 5, 2022. AR 1496-1500. Dr. Adkisson opined that Plaintiff had moderate limitations in her: ability to reason, understand and remember, social interactions, and adaptation. AR 1500.

The ALJ gave great weight to the opinions of both Drs. Wingate and Adkisson. AR 1089-90. The ALJ found, in relevant part, Plaintiff had the RFC to perform a full range of work

> that consists of simple tasks; that does not require more than occasional, superficial interaction with co-workers (such as, "good morning" or "here is the item"); that

does not require direct service to the public; that is performed where the general public is typically not present; and that does not require more than occasional adaptation to changes in the work process or work setting.

AR 1085.

Here, the Court finds Plaintiff has not shown the ALJ failed to account for all the limitations opined to by Dr. Adkisson. Therefore, the ALJ's consideration of Dr. Adkisson's opinion is not harmful error.

However, the record does not reflect that the ALJ accounted for all the limitations opined to by Dr. Wingate. For example, Dr. Wingate found Plaintiff moderately limited in her ability to maintain regular attendance and be punctual within customary tolerances without special supervision. AR 1519. The Court finds Plaintiff's ability to regularly attend work and be punctual are related to her ability to be employed and are, therefore, significant, probative evidence. The RFC does not reference these limitations. *See* AR 1085. It is unclear from the ALJ decision if the ALJ properly considered all the limitations included in Dr. Wingate's opinion and, if the opinion was given great weight, why the RFC did not account for all the opined limitations.

As the Court cannot determine if the ALJ properly accounted for all the limitations included in Dr. Wingate's opinion in the RFC or simply ignored the limitations, the Court finds the ALJ erred. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Had the ALJ properly considered all of Dr. Wingate's opined limitations, the RFC may have included additional limitations. Therefore, if all limitations opined to by Dr. Wingate were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination

may have changed. Accordingly, ALJ's error in considering Dr. Wingate's opinion is not harmless and requires reversal.

### 4. Dr. Shapiro

Plaintiff asserts the ALJ erred when he gave little weight to the testimony of Dr. Shapiro. Dkt. 13 at 7-8. On February 11, 2016, during one of Plaintiff's hearings, Dr. Shapiro opined that Plaintiff's skin impairment met Listing 8.04. *See* AR 111-12. The ALJ gave little weight to Dr. Shapiro's testimony for the period beginning on April 5, 2021. AR 1088. The ALJ stated,

> [Dr. Shapiro's] opinion of the claimant's impairments satisfying a listing is not persuasive since such date as the medical record shows the claimant's skin condition has since significantly improved with medical treatment. The claimant further admitted at the September 2022 hearing that so long as she buys "free and clear" detergent, she has not had an outbreak, and recent outbreak (sic) was because she bought/used other detergent.

AR 1088 (internal citations omitted).

First, the ALJ gave little weight to Dr. Shapiro's opinion because the medical records show Plaintiff's skin condition has significantly improved with medical treatment. AR 1088. The ALJ cited to a select number of treatment notes that show Plaintiff was receiving treatment for skin conditions. *See* AR 1088, 1582-93. The records show that, in April 2021, Plaintiff reported she was doing better with medications and that her pruritus[5] was well controlled. AR 1582. In July 2021, Plaintiff was treated again and, at this time, she was exhibiting pruritus. AR 1584. During an appointment in March 2022, the health care provider noted Plaintiff's dermatitis was expanding and that she was using her medication. AR 1587. Plaintiff was experiencing pruritus. AR 1588. In May 2022, Plaintiff was seen for a follow-up related to her skin condition. AR 1592. Plaintiff's status was noted as "improved." AR 1593.

---

[5] Pruritus is a medical term for itching.

The Court finds that the medical records cited by the ALJ do not show significant improvement in her skin condition. Rather, the records show that Plaintiff was being treated for her skin conditions and had periods of improvement and periods of outbreaks. The ALJ has not adequately explained how these records contradict Dr. Shapiro's opinion and show significant improvement. Therefore, this is not a specific and legitimate reason for giving little weight to Dr. Shapiro's opinion. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Second, the ALJ discounted Dr. Shapiro's opinion because, at the September 2022 hearing, Plaintiff testified she remained free of break outs so long as she used "free and clear" detergent. AR 1088. At the September 2022 hearing, Plaintiff testified she stays to herself because she has sores all over her body. AR 1111. Plaintiff stated that her condition has been as bad as it was at the hearing nearly her whole life, but she used laundry detergent with perfume in it and it caused her skin to go "hog wild." AR 1111. She stated she did not have the money to buy free and clear or free and gentle detergent. AR 1111. Plaintiff testified that her skin is very sensitive and she cannot use perfumes or have anything "smelly near [her] skin[.]" AR 1112. She also stated that she breaks out because of "stress and everything[.]" AR 1114. While Plaintiff testified that free and gentle laundry detergent "kind of stops the breakouts," "stress will amplify it ten times full." AR 1114-15.

An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by

substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Here, the record does not reflect Plaintiff testified that so long as she uses free and clear detergent she does not have outbreaks. Rather, Plaintiff testified her current outbreak was caused by using perfumed laundry detergent. She also stated that she cannot have any smelly perfumes near her skin and that stress amplifies her outbreaks. The Court finds the record does not support the ALJ's conclusion that Dr. Shapiro's opinion is unpersuasive because Plaintiff testified she does not have outbreaks if she uses the correct detergent. Therefore, this is not a specific and legitimate reasons supported by substantial evidence for finding Dr. Shapiro's opinion unpersuasive.

As the ALJ did not provide a specific, legitimate reason supported by substantial evidence for discounting Dr. Shapiro's opinion, the Court finds the ALJ erred. Had the ALJ given great weight to Dr. Shapiro's opinion, the ALJ may have found Plaintiff's impairments met or equaled a Listing. Therefore, the ALJ's error was not harmless.

5. Non-examining Doctors' Opinions

Plaintiff also argues the ALJ erred by giving great weight to the opinions of two non-examining doctors for the period beginning April 5, 2021. Dkt. 13 at 12-13. A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a non[-]examining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester*, 81 F.3d at 831). As the ALJ did not provide specific and legitimate reasons for discounting Drs. Wheeler's, Weiss's, Wingate's, Adkisson's, and Shapiro's opinions,

he erred when he discounted these opinions in favor of the opinions of two non-examining doctors. On remand, the ALJ must re-evaluate all the medical opinion evidence.

  B. *Subjective Symptom Testimony*

  Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 13 at 13-17. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section A, *supra*. Because Plaintiff may be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

  C. *Meet or Equal a Listing*

  Plaintiff argues Dr. Shapiro's opinion supports finding that Plaintiff's impairments continue to meet or equal a Listing. Dkt. 13 at 17. The Court concludes the ALJ erred in his consideration of Dr. Shapiro's opinion. However, Plaintiff has provided only one sentence stating Plaintiff continues to meet or equal a Listing. *See id*. The Court finds this argument is insufficient to support finding Plaintiff has continued to meet or equal a Listing since April 5, 2021.

  D. *Residual Functional Capacity*

  Plaintiff contends the ALJ erred in assessing her RFC and finding her not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 13 at 17-18. The Court concludes the ALJ committed harmful error when he failed to properly consider the opinions of Drs. Wheeler, Weiss, Wingate, Adkisson, and Shapiro. *See* Section A, *supra*. The ALJ is directed to re-evaluate

the medical evidence and Plaintiff's subjective symptom testimony on remand. *See* Sections A & B, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

E.  *Remand for Further Proceedings*

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 13 at 18-19. Defendant maintains there are conflicts in the evidence which must be resolved on remand. Dkt. 19 at 16-17.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record

that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined the ALJ must re-evaluate the medical opinion evidence and Plaintiff's subjective symptom testimony and finds issues remain which must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

### IV.  Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning April 5, 2021. Accordingly, this portion of Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. Defendant's decision finding Plaintiff disabled from May 2, 2014 through April 4, 2021 was not appealed to this Court and therefore remains undisturbed.

Dated this 28th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge